**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

STEVEN OSBORN,

                              Plaintiff,

       - v -                                          Civ. No. 9:09-CV-797
                                                       (GTS/RFT)

DR. ASHOCK GOYLE,

                              Defendant.

**APPEARANCES:**                                **OF COUNSEL:**

STEVEN OSBORN
Plaintiff, *Pro Se*
*Last Known Address*:
c/o Elizabeth Horstead
1621 Dudley Ave., 1st Fl.
Utica, New York 13501

PETRONE, PETRONE LAW FIRM            DAVID H. WALSH, IV, ESQ.
Attorney for Defendant
1624 Genesee Street
Utica, New York 13502

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Steven Osborn filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendant Goyle violated his civil rights when, after Plaintiff was allegedly assaulted by deputies at the Oneida County Jail, Dr. Goyle failed to properly treat his ear injury. Dkt. No. 1, Compl. After service on the Defendant was completed, Defendant filed his Answer and the Court issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. No. 11, Def.'s Ans.; Dkt. No. 13, Order. Within the Court's Scheduling Order, permission was granted, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), for Defendant to take Plaintiff's deposition. Dkt. No. 13 at p. 4.

That Order also contained the following admonition:

> The failure of the Plaintiff[] to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

*Id.*

Shortly after granting Plaintiff *in forma pauperis* status and approving his Complaint for service, the Clerk's Office received a telephone call from Mr. Osborn, informing that he no longer resided at Oneida County Jail and providing a civilian address. Mr. Osborn was told by a member of the Clerk's Office to put his change of address in writing. Plaintiff did not heed this instruction. Apparently, Plaintiff also failed to notify Defendant of the change in address. Instead, Defendant's counsel, David H. Walsh, IV, Esq., obtained that information in October 2009 when he made an inquiry at the Oneida County Jail. Dkt. No. 16-1, David H. Walsh, IV, Esq., Affirm., dated Mar. 1, 2010, at ¶ 8.

Throughout this litigation, the Court has not received word from Plaintiff that he had any dispute with the manner of the discovery exchange, and the Defendant appeared to be following this District's mandatory disclosure provisions set forth in the Court's Discovery Order. *See*, *e.g.*, Dkt. No. 14, Def.'s Notice of Compliance with Mandatory Discovery. On December 11, 2009, Defendant's counsel sent Plaintiff a formal Notice of Deposition, setting the Plaintiff's deposition for January 7, 2010, at the firm's Utica Office. Walsh Affirm. at ¶ 9 & Ex. A. On January 4, 2010, Attorney Walsh sent Plaintiff a letter informing him that the deposition originally scheduled for January 7th was canceled without date. *Id.* at ¶ 10 & Ex. B. By letter, dated January 11, 2010,

counsel re-set the deposition for January 21, 2010.[1] *Id*. at ¶ 11 & Ex. C. Two days later, Plaintiff telephoned Attorney Walsh inquiring about the need for him to attend a deposition. *Id*. at ¶ 12. Office staff informed Plaintiff that the deposition was in connection with his civil lawsuit filed against Dr. Goyle; in response, Plaintiff indicated that he would attend. *Id*. By letter, dated January 14, 2010, counsel sent Plaintiff a letter informing him that the deposition had been rescheduled for January 19th; no explanation for the date change was provided. *Id*. at ¶ 13 & Ex. D; *see also supra* note 1. Plaintiff did not appear at the deposition scheduled for January 19th. *Id*. at ¶ 14. On January 20, 2010, Attorney Walsh sent a letter to Plaintiff informing him of his failure to attend the January 19th deposition, and rescheduling it for February 16, 2010. *Id*. at ¶ 15 & Ex. E. Plaintiff did not appear at the February 16th deposition. *Id*. at ¶ 16.

On March 1, 2010, Defendant filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 37, due to Plaintiff's failure to attend two scheduled depositions. Dkt. No. 16. A response to that Motion was due by March 15, 2010. By September 2010, the Court still had not received a response from Plaintiff, and so we, *sua sponte*, issued an Order extending Plaintiff's response time to November 5, 2010, with further warning that his failure to respond could result in dismissal of his case:

> **Plaintiff is warned that failure to respond may, if appropriate, result in the granting of Defendant's Motion, in which there will be no trial.** *See* N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the

---

[1] By the Court's Discovery Order, Defendant was directed to provide adequate notice to Plaintiff regarding the date of his deposition as provided by Federal Rule of Civil Procedure 30(b)(1). Dkt. No. 13 at p. 4. Notice would be deemed "sufficient if the notice is mailed to Plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition." *Id*. It does not appear that the notice provided to Plaintiff regarding the re-scheduled deposition meets this criteria.

motion, as the case may be, unless good cause is shown.").
Dkt. No. 24, Order, at pp. 1-2.

To date, the Court has not received any response from Plaintiff.  In fact, the Court has not received any communication from Plaintiff aside from the filing of his initial Complaint on July 13, 2009, and his telephone call on September 14, 2009, by which he updated his address.  Twice Plaintiff was directed by the Court or Court personnel to confirm his address in writing, yet he failed to oblige. *See* Text Order, dated Dec. 8, 2009 (noting that the Court possessed two civilian addresses for Plaintiff and directing Plaintiff to confirm his proper address).[2]

Based upon the above history, it is quite evident to this Court that Mr. Osborn does not intend to defend against the pending Motion nor prosecute this matter.

Federal Rule of Civil Procedure 37(b)(1) states, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."  Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order.  FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions.").  Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party.  FED. R. CIV. P. 37(b)(2)(A)(v).  Sanctions are also available, upon motion, for a party's failure to attend his own deposition.  FED. R. CIV. P. 37(d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may

---

[2] On June 7, 2007, six months after the issuance of this Text Order, the Clerk's Office received a telephone call from Plaintiff's girlfriend requesting a copy of the docket sheet and confirming that Plaintiff's address as that listed in the caption above.  This address was confirmed by a new civil action filed by Plaintiff on June 7, 2010.  *See Osborn v. Braham, et al.*, Civ. No. 9:10-CV-658 (LEK/DEP).

dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2.  "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)).  Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)).  Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with Court Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal.  *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive.  *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendant's Motion, we find that Plaintiff has exhibited an unwillingness to participate in this litigation. Not only have Plaintiff's actions caused delays in this case, but have also compelled Defendant to incur costs in arranging for two depositions. Plaintiff has also ignored several Court orders that directed him to participate in the deposition in good faith and also to confirm his address. Such behavior cannot be countenanced. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendant cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendant to incur any more unnecessary costs associated with an action Plaintiff ostensibly, given his failure to communicate with the Court, has no desire to litigate. Given Plaintiff's behavior and inattention to this Court's Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 37(b) (Dkt. No. 16) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   January 11, 2011
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge