UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN OSBORN,

                      Plaintiff,

v.                                                  9:09-CV-0797
                                                  (GTS/RFT)

DR. ASHOCK GOYLE, Medical Physician,
Oneida County Jail,

                      Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

STEVEN OSBORN
  Plaintiff, *Pro se*
c/o Elizabeth Horstead
1621 Dudley Avenue, 1st Floor
Utica, New York 13501

PETRONE & PETRONE, P.C.                      DAVID H. WALSH, IV, ESQ.
  Counsel for Defendant
1624 Genesee Street
Utica, New York 13502

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* civil rights action, filed by Steven Osborn ("Plaintiff") against Dr. Ashock Goyle of the Oneida County Jail ("Defendant"), are (1) Defendant's unopposed motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 37(b) as a sanction for his failure to attend two scheduled depositions in violation of a Court Order (Dkt. No. 16), and (2) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendant's motion be granted, and that Plaintiff's Complaint be dismissed in its entirety as a sanction under Fed. R. Civ. P. 37(b) for willfully

failing to attend a duly noticed deposition on February 16, 2010, in violation of the Court Order's of October 5, 2009, or, in the alternative, under Fed. R. Civ. P. 41(b) for willfully failing to prosecute this action and/or comply with various Court Orders (Dkt. No. 25).  No Objection to Magistrate Judge Treece's Report-Recommendation has been filed.  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed in its entirety.

I.      RELEVANT BACKGROUND

   A.      **Plaintiff's Complaint**

Plaintiff filed his Complaint in this action on July 13, 2009.  (Dkt. No. 1.)  Generally, liberally construed, Plaintiff's Complaint alleges that Defendant violated his constitutional rights to adequate medical care under the Eighth and/or Fourteenth Amendments when, acting with deliberate indifference to Plaintiff's serious medical needs, Defendant failed to properly treat an ear injury that Plaintiff sustained after he was allegedly assaulted by deputies at the Oneida County Jail in April 2009.  (Dkt. No. 1.)  For a more detailed recitation of the factual allegations giving rise to Plaintiff's deliberate-indifference claim, the Court refers the reader to Paragraphs 6, 7 and 9 of Plaintiff's Complaint.  (Dkt. No. 1, at ¶¶ 6, 7, 9.)

   B.      **Defendant's Motion**

On October 5, 2009, the Court issued a Scheduling Order that, *inter alia*, directed Plaintiff to attend a duly noticed deposition conducted by Defendant, and that specifically notified him that, *inter alia*, his failure "to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R.CIV. P. 37."  (Dkt. No. 13, at 4.)

On March 1, 2010, Defendant motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 37(b) as a sanction for his failure to attend two duly noticed depositions in violation of the Court Order's of October 5, 2009 (specifically, depositions scheduled for January 19, 2010, and February 16, 2010). (Dkt. No. 16.) Plaintiff did not submit a response to Defendant's motion by the originally scheduled deadline (March 15, 2010). (*See generally* Docket Sheet.)

As a result, as an extension of special solicitude to Plaintiff as a *pro se* civil rights litigant, on September 23, 2010, the Court issued an Order *sua sponte* extending Plaintiff's response deadline to November 5, 2010. (Dkt. No. 24.) In addition, Plaintiff was specifically and emphatically warned that his "**failure to respond [to Defendant's motion] may, if appropriate, result in the granting of Defendant's Motion**," which would eliminate the possibility of a trial in this action. (*Id*. at 1 [emphasis in original].) Despite receiving this warning, Plaintiff failed to submit a response to Defendant's motion. (*See generally* Docket Sheet.)

C.  **Magistrate Judge Treece's Report-Recommendation**

On January 11, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed for the following two alternative reasons: (1) as a sanction under Fed. R. Civ. P. 37(b) for wilfully failing to attend a duly noticed deposition on February 16, 2010, in violation of the Court Order's of October 5, 2009; or (2) under Fed. R. Civ. P. 41(b) for willfully failing to prosecute this action and/or comply with the Court's Orders of August 21, 2009, and December 8, 2009, directing him to notify the Court in writing of his proper address. (Dkt. No. 25, at 2-6.)

For the sake of brevity, the Court will not recite Magistrate Judge Treece's particular findings of fact and conclusions of law in this Decision and Order, which is intended primarily for the review of the parties.

Plaintiff has not filed any Objections to the Report-Recommendation and the time in which to do so has expired.

## II.   STANDARDS OF REVIEW

### A.   Legal Standard Governing Review of a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826,

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

> **B.    Legal Standard Governing Dismissals Under Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b)**

Magistrate Judge Treece correctly recited the legal standards governing a motion to dismiss pursuant to Fed. R. Civ. P. 37(b), and a dismissal for failure to prosecute and/or comply with a Court Order pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 25, at 4-5.)  As a result, these standards are incorporated by reference in this Decision and Order.  The Court would add only that a dismissal under Fed. R. Civ. P. 41(b) may be issued by a Court *sua sponte*.[3]

### III.   ANALYSIS

After carefully reviewing all of the papers herein, including Magistrate Judge Treece's Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise.  Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.[4]  As a result, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed in its entirety.  The Court would only add the following to Magistrate Judge Treece's balancing of the five factors identified by the Second Circuit in *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994), and *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993).

---

[3]   Even though Fed. R. Civ. P. 41(b) speaks only of a dismissal *on a motion by a defendant,* courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte,* for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).

[4]   The Court notes that, because Plaintiff never opposed Defendant's motion, Defendant's burden on his motion was lightened such that, in order to obtain the relief requested therein, his motion needed to be supported only by facial merit, which it clearly was.

With regard to the first factor (i.e., the duration of Plaintiff's failure to prosecute and/or comply with Court Orders), the Court finds that the duration of Plaintiff's failure to be deposed is nearly twelve months (i.e., starting on February 16, 2010), and the duration of his failure to notify the Court in writing of his proper address is nearly seventeen months (i.e., starting on September 14, 2009, when he called the Clerk's Office to orally notify it of his change of address). Generally, durations of such time are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months)

With regard to the second factor (i.e., whether Plaintiff was on notice that his failure to comply would result in dismissal), the Court finds that Plaintiff received such notice at least four times–on August 21, 2009 (Dkt. No. 7, at 3), October 5, 2009 (Dkt. No. 13, at 4), March 1, 2010 (Dkt. No. 16), and January 11, 2011 (Dkt. No. 25).[5] The Court notes that Plaintiff has received similar notices in the three other prisoner civil rights actions he has filed in this District (i.e., Case Numbers 09-CV-0795, 09-CV-0796, and 10-CV-0658).

With regard to the third factor (i.e., whether Defendant is likely to be prejudiced by further delay in the proceedings), the Court finds that the prejudice posed to Defendant by Plaintiff's failure is exacerbated by the age of the case and number of events giving rise to Plaintiff's claims. Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred within, the New York State DOCS), and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25 ("The passage

---

[5] The Court says "at least" because this notice also came by way of the Court's Local Rules of Practice and *Pro Se* Handbook, which the Clerk's Office has provided to all correctional facilities in New York State.

of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

With regard to the fourth factor (i.e., a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard), the Court finds that the need to alleviate congestion on the Court's docket (which is congested with prisoner civil rights actions, increasing the median-time-to-disposition of all civil cases) outweighs Plaintiff's right to receive a further chance to be heard in this case (especially given the special solicitude that he has been extended thus far).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.  The clerk is directed to enter judgment in favor of the defendant.

Dated: February 9, 2011
       Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge